1   Brian P. Walter, Bar No. 171429
    bwalter@lcwlegal.com
2   Laura J. Kalty, Bar No. 199520
    lkalty@lcwlegal.com
3   LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
4   6033 West Century Blvd., Suite 500
    Los Angeles, California 90045
5   Telephone: (310) 981-2000
    Facsimile: (310) 337-0837
6
7   Attorneys for Defendant
    COUNTY OF RIVERSIDE
8
9
10                  **UNITED STATES DISTRICT COURT**
11
12      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
13   SERGIO ALCALA, ET AL.,              Case No.  CV05-06166 AJG CTx
14              Plaintiffs,              Assigned To Judge Andrew J. Guilford
                                         Courtroom: 10-D
15        v.
                                         Date:         February 11, 2008
16   COUNTY OF RIVERSIDE,                Time:         10:00 a.m.
                                         Courtroom: 10-D
17              Defendant.
                                         **DEFENDANT COUNTY OF**
18                                       **RIVERSIDE'S NOTICE OF**
                                         **MOTION AND MOTION TO**
19                                       **DISMISS PLAINTIFFS FOR**
                                         **FAILURE TO OBEY COURT**
20                                       **ORDER COMPELLING THEM TO**
                                         **PROVIDE VERIFICATIONS**
21
                                         [FRCP Rule 41(B)]
22
                                         [Declaration of Laura J. Kalty and
23                                       Defendant's [Proposed] Order filed
                                         concurrently herewith]
24
                                         Trial Date:  February 26, 2008
25                                       Final Pretrial Conf:  February 11, 2008
                                         Discovery Cut-Off:  November 26, 2007
26
27
28   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    PLEASE TAKE NOTICE that on February 11, 2008, at 10:00 a.m., or as

2  soon thereafter as this matter may be heard in the above-entitled Court, located at

3  411 West Fourth Street, Santa Ana, California  90012, Room 10-D, Defendant

4  COUNTY OF RIVERSIDE ("COUNTY or Defendants") will move the Court,

5  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, to dismiss thirteen

6  (13) Plaintiffs from this action on the grounds that these Plaintiffs failed to obey

7  Magistrate Judge Carolyn Turchin's December 26, 2007, Order compelling

8  twenty-four (24) identified Plaintiffs to serve verifications to their Responses to

9  Interrogatories, Set No. One.

10    This Motion is made following the conference of counsel pursuant to Local

11  Rule 7-3, which took place January 9 and January 11, 2008.

12    This Motion is based on this Notice of Motion and Motion, the

13  Memorandum of Points and Authorities filed herewith, the pleadings and papers

14  filed herein and on such other and further oral and documentary evidence as may

15  be presented hereinafter.

16

17  Dated:  January 17, 2008                    LIEBERT CASSIDY WHITMORE

18

19                                         By:

20                                              Brian P. Walter
                                              Laura J. Kalty
21                                              Attorneys for Defendant
                                              COUNTY OF RIVERSIDE

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA  90045

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Under the Federal Rules of Civil Procedure, Rule 41(b), a defendant may move to dismiss any claim based on a plaintiff's failure to comply with a court order.  Pursuant to this rule, Defendant COUNTY OF RIVERSIDE ("COUNTY" or "Defendant") moves for dismissal of thirteen (13) Plaintiffs from the action based on their failure to comply with a Court Order to serve verifications to their Responses to Interrogatories, Set No. One ("Responses") and to participate in the litigation of this action.

Plaintiffs initially filed this lawsuit in August, 2005, naming approximately 150 individual Plaintiffs.  As Plaintiffs were called on to actively participate in this litigation, however, many requested to be dismissed from the case.  To date, 54 Plaintiffs have requested to be dismissed, while 101 Plaintiffs remain.  Additionally, thirteen (13) Plaintiffs persist in their failure to participate and have now violated Magistrate Carolyn Turchin's December 26, 2007, Order compelling them to serve verifications.

Accordingly, the instant Motion is necessary and seeks to dismiss these thirteen (13) Plaintiffs based on their failure to comply with a Court Order, and to participate in this case.

## II.   STATEMENT OF FACTS

On July 13, 2007, the COUNTY served Interrogatories to All Plaintiffs, Set No. One.  [See, Declaration of Laura J. Kalty ("Kalty Dec."), ¶ 2, Exhibit 1, thereto.]  On September 5, 2007, Plaintiffs served a single response on behalf of all 100 + Plaintiffs, signed only by counsel for Plaintiffs, and did not include any verifications, as required by Federal Rule of Civil Procedure, Rule 33(b)(2).  [Ex. 1, 3:15-17.]

By the discovery cut off date, November 26, 2007, twenty four (24) Plaintiffs had still failed to submit verifications to their Responses.  [1.]  Despite

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

240982.4 RI080-032

Defendant County Of Riverside's Notice Of
Motion And Motion To Dismiss Plaintiffs, etc.

1  the parties' best efforts to meet and confer and obtain the required verifications, the

2  parties in this action filed a Joint Stipulation Concerning County's Motion to

3  Compel Plaintiffs Verifications ("Joint Stipulation") on December 26, 2007,

4  pursuant to Federal Rules of Civil Procedure Rules 33(b)(2) and 37(a).  [Ex. 1.]  In

5  the Joint Stipulation, counsel for Plaintiffs stated and certified with his signature

6  that **"[a]ll plaintiffs for whom signed declarations are not provided by**

7  **December 31, 2007 _shall_ thereafter be dismissed from the case."**  [Ex. 1, 10:2-

8  3.]

9        The Joint Stipulation and Motion to Compel were decided by Magistrate

10  Judge Carolyn Turchin.  [Kalty Dec., ¶ 3, Exhibit 2, thereto.]  In relevant part,

11  Magistrate Judge Turchin ordered that the 24 remaining Plaintiffs "serve signed

12  verifications to their responses to the defendant's first set of interrogatories **ten**

13  **(10) court days of this order.**"  [Ex. 2, *"Order"* ¶ 1.]  Magistrate Turchin further

14  ordered that "[i]n the event defendant seeks to file a future motion to dismiss based

15  on, for example, plaintiffs' failure to comply with this order, any such motion

16  should be filed with the district judge." [Ex. 2, ¶ 2.]

17        As of December 31, 2007, the date by which Mr. Vanderpool certified that

18  Plaintiffs would either submit verifications or be dismissed, the verifications for 13

19  Plaintiffs remained outstanding.  [Kalty Dec., ¶ 4, Exhibit 3, thereto.]  Moreover,

20  these same 13 Plaintiffs failed to serve the required verifications as expressly

21  ordered by the Court on or before January 10, 2008, ten court days from Magistrate

22  Turchin's Order.  The COUNTY has used its best efforts to meet and confer with

23  Plaintiffs on this issue, yet the parties were unable to reach any agreement, and

24  thus the instant motion is necessary.  [Kalty Dec., ¶ 5, Exhibit 4, thereto.]

25  **III.    LEGAL ARGUMENT**

26        **A.    LEGAL STANDARD**

27        If a plaintiff fails to comply with a court order to submit verifications for the

28  responses, a motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1  is proper.  See also, *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) [the

2  "power of the court to dismiss [an] action for failure to obey the order [is] clear"].

3  If a case is dismissed pursuant to Rule 41(b), "[u]nless the court in its order for

4  dismissal otherwise specifies, a dismissal under this subdivision…operates as an

5  adjudication on the merits."  See also, *Link v. Wabash R. Co.,* 370 U.S. 626, 630-

6  31 (1962).

**B.    A DISMISSAL PURSUANT TO RULE 41(B) IS PROPER AS**
**PLAINTIFFS HAVE FAILED TO COMPLY WITH A COURT**
**ORDER**

10  A Court Order was issued in this action to compel Plaintiffs to verify their

11  responses to the COUNTY'S interrogatories. This Court Order was made pursuant

12  to Federal Rules of Civil Procedure, Rule 33(a) and Rule 33(b).  See, *EEOC v.*

13  *Kovacevich "5" Farms,* 2007 WL 1599772 (E.D.Cal.); *Gardias v. San Jose State*

14  *University,* 2007 WL 1520935 (N.D.Cal.) [party answering discovery requests, and

15  not the attorney, must sign and verify answers to interrogatories.]  In such event, a

16  court may compel a party to submit these verifications.  See, Fed. R. Civ. P., Rule

17  37(a)(2)(B).

18  As of the date of this Motion, 13 Plaintiffs still have not served verifications

19  to their Responses to the Interrogatories, not only in violation of the discovery

20  process, but now also in violation of Judge Turchin's December 26, 2007, Order.

21  [Ex. 4.]  Further, Plaintiffs' lack of verified responses evidence their continuing

22  failure to actively participate in this litigation.

**C.    A DISMISSAL PURSUANT TO RULE 41(B) IS PROPER UPON**
**A BALANCE OF RELEVANT FACTORS**

25  In determining whether to dismiss a claim for failure to comply with a court

26  order, the Court should consider five factors: (1) the public's interest in expeditious

27  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

28  prejudice to defendants; (4) public policy favoring disposition of cases on the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1  merits; and (5) the availability of less drastic options. See, *Pagtalunan v. Galaza*

2  291 F.3d 639, 642 (9th Cir. 2002). In this case, an examination of all five factors

3  shows that dismissal, with prejudice, of the 13 Plaintiffs who have failed to comply

4  with a Court order in this action is proper.

5  **1.    Dismissal of Non-Compliant Plaintiffs Supports Expeditious**

6  **Resolution of Litigation**

7  The *Pagtalunan* court reasoned that "the public's interest in expeditious

8  resolution **always** favors dismissal." *Id.* [Emphasis added.] In *Pagtalunan*, a

9  purported plaintiff waited four months after a court order to amend pleadings to

10  bring his amended complaint. *Id.* Because the plaintiff waited to pursue the case

11  for almost four months, the court held that this factor weighed toward dismissal.

12  *Id.*

13  Here, the COUNTY served interrogatories on Plaintiffs on July 13, 2007. As

14  such, the Plaintiffs in this action have had nearly six months to both respond and to

15  verify those responses. The Plaintiffs have further been compelled by the Court to

16  submit these verifications. Thirteen of these Plaintiffs have failed to comply with

17  that order and thus failed to prosecute the case. As these 13 Plaintiffs have delayed

18  and failed to pursue this case for six months, this factor weighs toward dismissal.

19  **2.    Dismissal of Non-Compliant Plaintiffs Supports**

20  **Management of The Court's Docket**

21  District Courts must have the power to manage their dockets without being

22  subject to the endless vexatious noncompliance of litigants. *Ferdik v. Bonzelet* 963

23  F.2d 1258, 1261 (9th Cir 1992). In *Ferdik*, the court reasoned that District Courts

24  should not have to waste valuable time on cases and issues that drag on

25  indefinitely. *Id.* In part to relieve the busy dockets of the District Courts, federal

26  statutes allow Magistrate Judges to hear pre-trial motions and issue pre-trial orders.

27  See, 28 U.S.C. § 636.

28  //

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    In this case, the record shows that procuring verifications to the responses to

2 interrogatories has been a vexatious process.  [See generally, Ex. 1.]  The

3 COUNTY has made repeated requests for these verifications, and yet 13 Plaintiffs

4 still remain without verifications.  Moreover, the COUNTY relied, in good faith,

5 on counsel's certified contention in the Joint Stipulation that "**all plaintiffs for**

6 **whom signed declarations are not provided by December 31, 2007 _shall_**

7 **thereafter be dismissed from the case.**"  [Ex. 1, 10:2-3.]

8    Nonetheless, this Court, has the power to manage its docket so as not to

9 spend time on cases in which Plaintiffs are non-participating and non-compliant.

10 Accordingly, this factor also weighs toward dismissal.

11    **3.    Failure to Dismiss Non-Compliant Plaintiffs Will Result in**

12    **Prejudice To Defendants**

13    In determining whether a defendant has been prejudiced, a court examines

14 whether the plaintiff's actions impair the defendant's ability to go to trial or

15 threaten to interfere with the rightful decision of the case.  *Malone v. U.S. Postal*

16 *Service* 833 F.2d 128, 131 (9th Cir. 1987).  The court in *In Re Exxon Valdez* 102

17 F.3d 429, 433 found a failure to respond to discovery to be prejudicial to a party.

18    In *Exxon,* the court reasoned that because of the complex nature of the action

19 and the large number of plaintiffs, discovery needed to be done in a timely and

20 orderly manner.  *Id.*  The plaintiffs ignored repeated discovery requests.  *Id.* at 430.

21 The court warned these plaintiffs that failure to comply with these requests could

22 result in dismissal.  *Id.* at 433.  The court held that this total failure to respond, in

23 addition to the time consumed attempting to secure compliance prejudiced the

24 defendants.

25    The case at hand is analogous to *Exxon* in three ways.  First, as in *Exxon,*

26 this case is one of a complex nature, with a large number of Plaintiffs.  [Ex. 2, 2:9.]

27 The parties attempted to conduct discovery in an orderly and timely manner,

28 subject to the Magistrate Judge's jurisdiction and orders.  Second, like the *Exxon*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    plaintiffs, the Plaintiffs in this case have ignored repeated requests for

2    verifications.  As the record shows, the COUNTY has met and conferred numerous

3    times with Plaintiffs' counsel and has moved the Court to attempt to secure these

4    verifications. [See generally, Ex. 1.]  Finally, like the *Exxon* plaintiffs, the

5    Plaintiffs in this case were warned by the Magistrate Judge that failure to comply

6    with the Order to compel the verifications could result in dismissal.  [Ex. 2, ¶ 2.]

7         Despite these efforts, 13 Plaintiffs have failed to respond and verify their

8    responses, thus failing to participate in the action.  [Exs. 3, 4.]  This failure to

9    respond, coupled with the COUNTY's time consumed in attempting to secure this

10   compliance has prejudiced the COUNTY and dismissal is supported.

### 4.    Dismissal of Non-Compliant Plaintiffs is Proper as Public Policy Concerns Are Not Implicated

13        The *Exxon* court recognized that public policy favors disposition of cases on

14   the merits.  *Id.*  The *Exxon* court reasoned, nonetheless, that when a plaintiff

15   refuses to provide discovery, that plaintiff obstructs resolution of their claims on

16   the merits, and this concern is outweighed.  *Id.*

17        In this case, the 13 Plaintiffs with outstanding verifications have refused to

18   participate in this litigation and have refused to verify their discovery responses.

19   As a result, these 13 Plaintiffs have refused to provide discovery that complies

20   with the Federal Rules of Civil Procedure.  See, Fed. R. Civ. P. 33(b)(2) [rule

21   requires answers to interrogatories to be signed by the person making them].

22   Plaintiffs' failure to provide discovery has obstructed resolution of their claims on

23   the merits.  Accordingly, public policy concerns related to adjudication of cases on

24   the merits are not implicated in this instance, and this factor thus weighs in favor of

25   dismissal.

26   //

27   //

28   //

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**5.   Dismissal of Non-Compliant Plaintiffs is Proper as Less**
**Drastic Alternatives Would Be Futile At This Juncture**

Whether or not "less drastic alternatives have been offered and rejected" is measured by actions taken *after* the court order has been disobeyed. *Yourish v. California Amplifier* 191 F.3d 983, 992 (9th Cir. 1999). The court is required to examine less drastic alternatives to dismissal, e.g. sanctions, but "need not exhaust them all before finally dismissing a case." *Von Poppenheim v. Portland Boxing and Wrestling Commission* 442 F.2d 1047, 1054. (9th Cir. 1971). A court may examine the futility of allowing less drastic alternatives, and in cases where it is futile to allow such an alternative, grant dismissal. *McHenry v. Renne* 84 F.3d 1172, 1178 (9th Cir. 1996). Courts have reasoned that this analysis is helpful as "[s]omewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim* 442 F.2d at 1054.

In this case, the Court has not issued any sanctions following failure to obey the Court order. Any lesser sanction, however, would be futile. The record shows that Plaintiffs have had nearly six months to verify their answers. The COUNTY has made repeated attempts to secure the verifications. Plaintiffs' counsel certified, with his signature, that verifications would be provided by December 31, 2007, or the Plaintiffs would be dismissed, and yet did not do so. A Magistrate Judge issued a Court Order, still to no avail. These Plaintiffs simply refuse to verify their answers, and refuse to participate in this action. From the Plaintiffs' pattern of conduct, it is clear that offering any less drastic alternative at this point is futile. Accordingly, this factor weighs toward dismissal.

//
//
//
//
//

1  Brian P. Walter, Bar No. 171429
   bwalter@lcwlegal.com
2  Laura J. Kalty, Bar No. 199520
   lkalty@lcwlegal.com
3  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
4  6033 West Century Blvd., Suite 500
   Los Angeles, California  90045
5  Telephone:  (310) 981-2000
   Facsimile:  (310) 337-0837
6
   Attorneys for Defendant
7  COUNTY OF RIVERSIDE
8
9
10                   UNITED STATES DISTRICT COURT
11
12        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

13  SERGIO ALCALA, ET AL.,          Case No.  CV05-06166 AJG CTx

14             Plaintiffs,          Assigned To Judge Andrew J. Guilford
                                    Courtroom:  10-D
15        v.
                                    Date:         February 11, 2008
16  COUNTY OF RIVERSIDE,            Time:         10:00 a.m.
                                    Courtroom:  10-D
17             Defendant.
                                    **DEFENDANT COUNTY OF**
18                                  **RIVERSIDE'S NOTICE OF**
                                    **MOTION AND MOTION TO**
19                                  **DISMISS PLAINTIFFS FOR**
                                    **FAILURE TO OBEY COURT**
20                                  **ORDER COMPELLING THEM TO**
                                    **PROVIDE VERIFICATIONS**
21
                                    [FRCP Rule 41(B)]
22
                                    [Declaration of Laura J. Kalty and
23                                  Defendant's [Proposed] Order filed
                                    concurrently herewith]
24
                                    Trial Date:  February 26, 2008
25                                  Final Pretrial Conf:  February  11, 2008
                                    Discovery Cut-Off:  November 26, 2007
26
27
28  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA 90045

1    PLEASE TAKE NOTICE that on February 11, 2008, at 10:00 a.m., or as

2    soon thereafter as this matter may be heard in the above-entitled Court, located at

3    411 West Fourth Street, Santa Ana, California 90012, Room 10-D, Defendant

4    COUNTY OF RIVERSIDE ("COUNTY or Defendants") will move the Court,

5    pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, to dismiss thirteen

6    (13) Plaintiffs from this action on the grounds that these Plaintiffs failed to obey

7    Magistrate Judge Carolyn Turchin's December 26, 2007, Order compelling

8    twenty-four (24) identified Plaintiffs to serve verifications to their Responses to

9    Interrogatories, Set No. One.

10    This Motion is made following the conference of counsel pursuant to Local

11    Rule 7-3, which took place January 9 and January 11, 2008.

12    This Motion is based on this Notice of Motion and Motion, the

13    Memorandum of Points and Authorities filed herewith, the pleadings and papers

14    filed herein and on such other and further oral and documentary evidence as may

15    be presented hereinafter.

16

17    Dated: January 17, 2008                    LIEBERT CASSIDY WHITMORE

18

19                                              By:

20                                                  Brian P. Walter
                                                    Laura J. Kalty
21                                                  Attorneys for Defendant
                                                    COUNTY OF RIVERSIDE

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Under the Federal Rules of Civil Procedure, Rule 41(b), a defendant may move to dismiss any claim based on a plaintiff's failure to comply with a court order.  Pursuant to this rule, Defendant COUNTY OF RIVERSIDE ("COUNTY" or "Defendant") moves for dismissal of thirteen (13) Plaintiffs from the action based on their failure to comply with a Court Order to serve verifications to their Responses to Interrogatories, Set No. One ("Responses") and to participate in the litigation of this action.

Plaintiffs initially filed this lawsuit in August, 2005, naming approximately 150 individual Plaintiffs.  As Plaintiffs were called on to actively participate in this litigation, however, many requested to be dismissed from the case.  To date, 54 Plaintiffs have requested to be dismissed, while 101 Plaintiffs remain. Additionally, thirteen (13) Plaintiffs persist in their failure to participate and have now violated Magistrate Carolyn Turchin's December 26, 2007, Order compelling them to serve verifications.

Accordingly, the instant Motion is necessary and seeks to dismiss these thirteen (13) Plaintiffs based on their failure to comply with a Court Order, and to participate in this case.

## II.   STATEMENT OF FACTS

On July 13, 2007, the COUNTY served Interrogatories to All Plaintiffs, Set No. One.  [See, Declaration of Laura J. Kalty ("Kalty Dec."), ¶ 2, Exhibit 1, thereto.]  On September 5, 2007, Plaintiffs served a single response on behalf of all 100 + Plaintiffs, signed only by counsel for Plaintiffs, and did not include any verifications, as required by Federal Rule of Civil Procedure, Rule 33(b)(2).  [Ex. 1, 3:15-17.]

By the discovery cut off date, November 26, 2007, twenty four (24) Plaintiffs had still failed to submit verifications to their Responses.  [1.]  Despite

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

240982.4 RI080-032

Defendant County Of Riverside's Notice Of
Motion And Motion To Dismiss Plaintiffs, etc.

1  the parties' best efforts to meet and confer and obtain the required verifications, the

2  parties in this action filed a Joint Stipulation Concerning County's Motion to

3  Compel Plaintiffs Verifications ("Joint Stipulation") on December 26, 2007,

4  pursuant to Federal Rules of Civil Procedure Rules 33(b)(2) and 37(a).  [Ex. 1.]  In

5  the Joint Stipulation, counsel for Plaintiffs stated and certified with his signature

6  that "**[a]ll plaintiffs for whom signed declarations are not provided by**

7  **December 31, 2007 _shall_ thereafter be dismissed from the case**."  [Ex. 1, 10:2-

8  3.]

9      The Joint Stipulation and Motion to Compel were decided by Magistrate

10  Judge Carolyn Turchin.  [Kalty Dec., ¶ 3, Exhibit 2, thereto.]  In relevant part,

11  Magistrate Judge Turchin ordered that the 24 remaining Plaintiffs "serve signed

12  verifications to their responses to the defendant's first set of interrogatories **ten**

13  **(10) court days of this order**."  [Ex. 2, "*Order*" ¶ 1.]  Magistrate Turchin further

14  ordered that "[i]n the event defendant seeks to file a future motion to dismiss based

15  on, for example, plaintiffs' failure to comply with this order, any such motion

16  should be filed with the district judge." [Ex. 2, ¶ 2.]

17      As of December 31, 2007, the date by which Mr. Vanderpool certified that

18  Plaintiffs would either submit verifications or be dismissed, the verifications for 13

19  Plaintiffs remained outstanding.  [Kalty Dec., ¶ 4, Exhibit 3, thereto.]  Moreover,

20  these same 13 Plaintiffs failed to serve the required verifications as expressly

21  ordered by the Court on or before January 10, 2008, ten court days from Magistrate

22  Turchin's Order.  The COUNTY has used its best efforts to meet and confer with

23  Plaintiffs on this issue, yet the parties were unable to reach any agreement, and

24  thus the instant motion is necessary.  [Kalty Dec., ¶ 5, Exhibit 4, thereto.]

## III.   LEGAL ARGUMENT

### A.   LEGAL STANDARD

27      If a plaintiff fails to comply with a court order to submit verifications for the

28  responses, a motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

is proper.  See also, *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) [the "power of the court to dismiss [an] action for failure to obey the order [is] clear"]. If a case is dismissed pursuant to Rule 41(b), "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision…operates as an adjudication on the merits."  See also, *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962).

> **B.   A DISMISSAL PURSUANT TO RULE 41(B) IS PROPER AS PLAINTIFFS HAVE FAILED TO COMPLY WITH A COURT ORDER**

A Court Order was issued in this action to compel Plaintiffs to verify their responses to the COUNTY'S interrogatories. This Court Order was made pursuant to Federal Rules of Civil Procedure, Rule 33(a) and Rule 33(b).  See, *EEOC v. Kovacevich "5" Farms,* 2007 WL 1599772 (E.D.Cal.); *Gardias v. San Jose State University,* 2007 WL 1520935 (N.D.Cal.) [party answering discovery requests, and not the attorney, must sign and verify answers to interrogatories.]  In such event, a court may compel a party to submit these verifications.  See, Fed. R. Civ. P., Rule 37(a)(2)(B).

As of the date of this Motion, 13 Plaintiffs still have not served verifications to their Responses to the Interrogatories, not only in violation of the discovery process, but now also in violation of Judge Turchin's December 26, 2007, Order. [Ex. 4.]  Further, Plaintiffs' lack of verified responses evidence their continuing failure to actively participate in this litigation.

> **C.   A DISMISSAL PURSUANT TO RULE 41(B) IS PROPER UPON A BALANCE OF RELEVANT FACTORS**

In determining whether to dismiss a claim for failure to comply with a court order, the Court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) public policy favoring disposition of cases on the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA  90045

1   merits; and (5) the availability of less drastic options. See, *Pagtalunan v. Galaza*

2   291 F.3d 639, 642 (9th Cir. 2002). In this case, an examination of all five factors

3   shows that dismissal, with prejudice, of the 13 Plaintiffs who have failed to comply

4   with a Court order in this action is proper.

### 1.   Dismissal of Non-Compliant Plaintiffs Supports Expeditious Resolution of Litigation

7   The *Pagtalunan* court reasoned that "the public's interest in expeditious

8   resolution **always** favors dismissal." *Id.* [Emphasis added.] In *Pagtalunan,* a

9   purported plaintiff waited four months after a court order to amend pleadings to

10  bring his amended complaint. *Id.* Because the plaintiff waited to pursue the case

11  for almost four months, the court held that this factor weighed toward dismissal.

12  *Id.*

13  Here, the COUNTY served interrogatories on Plaintiffs on July 13, 2007. As

14  such, the Plaintiffs in this action have had nearly six months to both respond and to

15  verify those responses. The Plaintiffs have further been compelled by the Court to

16  submit these verifications. Thirteen of these Plaintiffs have failed to comply with

17  that order and thus failed to prosecute the case. As these 13 Plaintiffs have delayed

18  and failed to pursue this case for six months, this factor weighs toward dismissal.

### 2.   Dismissal of Non-Compliant Plaintiffs Supports Management of The Court's Docket

21  District Courts must have the power to manage their dockets without being

22  subject to the endless vexatious noncompliance of litigants. *Ferdik v. Bonzelet* 963

23  F.2d 1258, 1261 (9th Cir 1992). In *Ferdik,* the court reasoned that District Courts

24  should not have to waste valuable time on cases and issues that drag on

25  indefinitely. *Id.* In part to relieve the busy dockets of the District Courts, federal

26  statutes allow Magistrate Judges to hear pre-trial motions and issue pre-trial orders.

27  See, 28 U.S.C. § 636.

28  //

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    In this case, the record shows that procuring verifications to the responses to

2    interrogatories has been a vexatious process. [See generally, Ex. 1.] The

3    COUNTY has made repeated requests for these verifications, and yet 13 Plaintiffs

4    still remain without verifications. Moreover, the COUNTY relied, in good faith,

5    on counsel's certified contention in the Joint Stipulation that "**all plaintiffs for**

6    **whom signed declarations are not provided by December 31, 2007 _shall_**

7    **thereafter be dismissed from the case.**" [Ex. 1, 10:2-3.]

8    Nonetheless, this Court, has the power to manage its docket so as not to

9    spend time on cases in which Plaintiffs are non-participating and non-compliant.

10   Accordingly, this factor also weighs toward dismissal.

11   **3.     Failure to Dismiss Non-Compliant Plaintiffs Will Result in**

12   **Prejudice To Defendants**

13   In determining whether a defendant has been prejudiced, a court examines

14   whether the plaintiff's actions impair the defendant's ability to go to trial or

15   threaten to interfere with the rightful decision of the case. *Malone v. U.S. Postal*

16   *Service* 833 F.2d 128, 131 (9th Cir. 1987). The court in *In Re Exxon Valdez* 102

17   F.3d 429, 433 found a failure to respond to discovery to be prejudicial to a party.

18   In *Exxon,* the court reasoned that because of the complex nature of the action

19   and the large number of plaintiffs, discovery needed to be done in a timely and

20   orderly manner. *Id.* The plaintiffs ignored repeated discovery requests. *Id.* at 430.

21   The court warned these plaintiffs that failure to comply with these requests could

22   result in dismissal. *Id.* at 433. The court held that this total failure to respond, in

23   addition to the time consumed attempting to secure compliance prejudiced the

24   defendants.

25   The case at hand is analogous to *Exxon* in three ways. First, as in *Exxon,*

26   this case is one of a complex nature, with a large number of Plaintiffs. [Ex. 2, 2:9.]

27   The parties attempted to conduct discovery in an orderly and timely manner,

28   subject to the Magistrate Judge's jurisdiction and orders. Second, like the *Exxon*

1    plaintiffs, the Plaintiffs in this case have ignored repeated requests for

2    verifications.  As the record shows, the COUNTY has met and conferred numerous

3    times with Plaintiffs' counsel and has moved the Court to attempt to secure these

4    verifications. [See generally, Ex. 1.]  Finally, like the *Exxon* plaintiffs, the

5    Plaintiffs in case were warned by the Magistrate Judge that failure to comply

6    with the Order to compel the verifications could result in dismissal.  [Ex. 2, ¶ 2.]

7    　　　Despite these efforts, 13 Plaintiffs have failed to respond and verify their

8    responses, thus failing to participate in the action.  [Exs. 3, 4.]  This failure to

9    respond, coupled with the COUNTY's time consumed in attempting to secure this

10   compliance has prejudiced the COUNTY and dismissal is supported.

### 4.   Dismissal of Non-Compliant Plaintiffs is Proper as Public Policy Concerns Are Not Implicated

13   　　　The *Exxon* court recognized that public policy favors disposition of cases on

14   the merits.  *Id.*  The *Exxon* court reasoned, nonetheless, that when a plaintiff

15   refuses to provide discovery, that plaintiff obstructs resolution of their claims on

16   the merits, and this concern is outweighed.  *Id.*

17   　　　In this case, the 13 Plaintiffs with outstanding verifications have refused to

18   participate in this litigation and have refused to verify their discovery responses.

19   As a result, these 13 Plaintiffs have refused to provide discovery that complies

20   with the Federal Rules of Civil Procedure.  See, Fed. R. Civ. P. 33(b)(2) [rule

21   requires answers to interrogatories to be signed by the person making them].

22   Plaintiffs' failure to provide discovery has obstructed resolution of their claims on

23   the merits.  Accordingly, public policy concerns related to adjudication of cases on

24   the merits are not implicated in this instance, and this factor thus weighs in favor of

25   dismissal.

26   //

27   //

28   //

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA  90045

**5.  Dismissal of Non-Compliant Plaintiffs is Proper as Less Drastic Alternatives Would Be Futile At This Juncture**

Whether or not "less drastic alternatives have been offered and rejected" is measured by actions taken *after* the court order has been disobeyed. *Yourish v. California Amplifier* 191 F.3d 983, 992 (9th Cir. 1999). The court is required to examine less drastic alternatives to dismissal, e.g. sanctions, but "need not exhaust them all before finally dismissing a case." *Von Poppenheim v. Portland Boxing and Wrestling Commission* 442 F.2d 1047, 1054. (9th Cir. 1971). A court may examine the futility of allowing less drastic alternatives, and in cases where it is futile to allow such an alternative, grant dismissal. *McHenry v. Renne* 84 F.3d 1172, 1178 (9th Cir. 1996). Courts have reasoned that this analysis is helpful as "[s]omewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim* 442 F.2d at 1054.

In this case, the Court has not issued any sanctions following failure to obey the Court order. Any lesser sanction, however, would be futile. The record shows that Plaintiffs have had nearly six months to verify their answers. The COUNTY has made repeated attempts to secure the verifications. Plaintiffs' counsel certified, with his signature, that verifications would be provided by December 31, 2007, or the Plaintiffs would be dismissed, and yet did not do so. A Magistrate Judge issued a Court Order, still to no avail. These Plaintiffs simply refuse to verify their answers, and refuse to participate in this action. From the Plaintiffs' pattern of conduct, it is clear that offering any less drastic alternative at this point is futile. Accordingly, this factor weighs toward dismissal.

//

//

//

//

//

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

240982.4 RI080-032

7

Defendant County Of Riverside's Notice Of Motion And Motion To Dismiss Plaintiffs, etc.

## IV.  **CONCLUSION**

Based on the foregoing, the COUNTY respectfully moves this Court for dismissal of the 13 Plaintiffs, listed in Exhibit 3, who have failed to comply with Magistrate Turchin's December 26, 2007, Order compelling verifications to Plaintiffs' Responses to COUNTY'S Interrogatories, Set. No. One, and who have failed to appear in and participate in this litigation.

Dated:  January 17, 2008

LIEBERT CASSIDY WHITMORE

By: _____
Brian P. Walter
Laura J. Kalty
Attorneys for Defendant
COUNTY OF RIVERSIDE

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W Century Boulevard, Suite 500
Los Angeles, CA  90045

Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Laura J. Kalty, Bar No. 199520
lkalty@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, California 90045
Telephone: (310) 981-2000
Facsimile: (310) 337-0837

Attorneys for Defendant
COUNTY OF RIVERSIDE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| SERGIO ALCALA, ET AL., | Case No. CV05-0616 AJG CTx |
| Plaintiffs, | Assigned To Judge Andrew J. Guilford |
| v. | Date: February 11, 2008 |
| COUNTY OF RIVERSIDE, | Time: 10:00 a.m. |
| | Courtroom: 10-D |
| Defendant. | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS FOR FAILURE TO OBEY COURT ORDER COMPELLING THEM TO PROVIDE VERIFICATIONS** |
| | [Pursuant to FRCP 41(b)] |
| | [Defendant's Notice of Motion and Motion to Dismiss Plaintiffs and Declaration of Laura J. Kalty filed concurrently herewith] |
| | Trial Date: February 26, 2008 |
| | Final Pretrial Conf: February 11, 2008 |
| | Discovery Cut-Off: November 26, 2007 |

//

//

241127.2 RI080-032

[Proposed] Order Granting Defendant's Motion
To Dismiss Plaintiffs for Failure to Obey, etc.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

On February 11, 2008, Defendant COUNTY OF RIVERSIDE ("COUNTY" or "Defendant") moved to dismiss thirteen (13) Plaintiffs from this action for failure to comply with Magistrate Carolyn Turchin's December 26, 2007, Order compelling the twenty-four (24) identified Plaintiffs to serve signed verifications for their responses to Defendant's first set of interrogatories with ten (10) days of the Court's Order, and for their failure to participate in this litigation.

The following 13 Plaintiffs failed to serve upon the COUNTY original, executed verifications to their Responses to the COUNTY'S Interrogatories, Set No. One, and thereby failed to obey Magistrate Turchin's December 26, 2007, Order:

1. Charles Apodaca

2. Gregory Brown

3. Karen Ferguson

4. Richard Graves

5. Michael Hernandez

6. Raymond Hoskins

7. Steven Jahnsen

8. Stanley Johnson

9. Jo Machado

10. Sabas Rosas

11. Samuel Russell, Jr.

12. Edmond Seltzer

13. Robert Torres

After consideration of the moving papers and any opposition by Plaintiffs, the exhibits and declarations submitted, and oral argument of counsel, the Court HEREBY GRANTS the COUNTY'S motion and ORDERS that the thirteen (13) identified Plaintiffs be dismissed from this action.

Dated: _____, 2008   _____

HONORABLE ANDREW J. GUILDFORD