FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| RONALD FARRIS, ET AL. | CASE NO. CV05-6166 AG (CTx) |
| Plaintiffs, | |
| | JURY INSTRUCTIONS |
| v. | |
| COUNTY OF RIVERSIDE, | |
| Defendant. | |

## 1.1A   DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.   You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.   At the end of the trial, I will give you a final set of instructions.   It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.   To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.   That means that you must decide the case solely on the evidence before you.   You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

CASE NO. CV05-06166 AG CTx

1    **1.2   CLAIMS AND DEFENSES**

2

3        To help you follow the evidence, I will give you a brief

4    summary of the positions of the parties:

5        The plaintiff makes certain claims against the defendant.  The

6    plaintiff has the burden of proving these claims.

7        The defendant denies those claims.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER
& WAX          27
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048    28

1    **1.3   BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

3         When a party has the burden of proof on any claim by a

4    preponderance of the evidence, it means you must be persuaded by

5    the evidence that the claim is more probably true than not true.

6         You should base your decision on all of the evidence,

7    regardless of which party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

27

28

## 1.6   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## 1.7   WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## 1.9   DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1          1.10   RULING ON OBJECTIONS

2

3          There are rules of evidence that control what can be

4   received into evidence.   When a lawyer asks a question or offers

5   an exhibit into evidence and a lawyer on the other side thinks

6   that it is not permitted by the rules of evidence, that lawyer

7   may object.   If I overrule the objection, the question may be

8   answered or the exhibit received.   If I sustain the objection,

9   the question cannot be answered, and the exhibit cannot be

10  received.   Whenever I sustain an objection to a question, you

11  must ignore the question and must not guess what the answer might

12  have been.

13         Sometimes I may order that evidence be stricken from the

14  record and that you disregard or ignore the evidence.   That means

15  that when you are deciding the case, you must not consider the

16  evidence that I told you to disregard.

17

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER
     & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048     27

28

10                    CASE NO. CV05-06166 AG CTx

## 1.11   CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.   Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

### 1.12   CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1                **1.13   NO TRANSCRIPT AVAILABLE TO JURY**

2

3      During deliberations, you will have to make your decision

4 based on what you recall of the evidence.   You will not have a

5 transcript of the trial.   I urge you to pay close attention to

6 the testimony as it is given.

7      If at any time you cannot hear or see the testimony,

8 evidence, questions or arguments, let me know so that I can

9 correct the problem.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## 1.14   TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

## 1.18   BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

CASE NO. CV05-06166 AG CTx

1        **1.19    OUTLINE OF TRIAL**

2

3        Trials proceed in the following way:  First, each side may

4    make an opening statement.  An opening statement is not evidence.

5    It is simply an outline to help you understand what that party

6    expects the evidence will show.  A party is not required to make

7    an opening statement.

8        The plaintiff will then present evidence, and counsel for

9    the defendant may cross-examine.  Then the defendant may present

10   evidence, and counsel for the plaintiff may cross-examine.

11       After the evidence has been presented, I will instruct you

12   on the law that applies to the case and the attorneys will make

13   closing arguments.

14       .After that, you will go to the jury room to deliberate on

15   your verdict.

16

17

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048    27

28

16              CASE NO. CV05-06166 AG CTx

## 2.2   STIPULATIONS OF FACT

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

17                    CASE NO. CV05-06166 AG CTx

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Randy E. Throne was taken on July 27, 2007.  The deposition of Maxie Barker was taken on October 25, 2007.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 2.8  IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

**2.12   CHARTS, PICTURES AND SUMMARIES NOT RECEIVED IN EVIDENCE**

**(Adapted)**

Certain charts, pictures and summaries not received in evidence may be shown to you in order to help explain the contents of film, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts, pictures and summaries and determine the facts from the underlying evidence.

## 2.14   EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1   is to enable jurors to view the exhibits received in evidence in
2   this case.   You may not use the computer for any other purpose.
3   At  my direction, technicians have taken steps to make sure that
4   the computer does not permit access to the Internet or to any
5   "outside" website, database, directory, game, or other material.
6   Do not attempt to alter the computer to obtain access to such
7   materials.   If you discover that the computer provides or allows
8   access to such materials, you must inform me  immediately and
9   refrain from viewing such materials.   Do not remove the computer
10  or any electronic data disk from the jury room, and do not copy
11  any such data.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048
27
28

21   CASE NO. CV05-06166 AG CTx

## 4.1 PERSONS AND ENTITIES—FAIR TREATMENT (Adapted)

All parties are equal before the law.  An entity is entitled to the same fair and conscientious consideration by you as any party.

**4.2   LIABILITY OF PUBLIC ENTITY—SCOPE OF AUTHORITY NOT IN ISSUE**

**(Adapted)**

Under the law, a public entity is considered to be a person. It can only act through its employees, agents, supervisors, or officers.  Therefore, a public entity is responsible for the acts of its employees, agents, supervisors, and officers performed within the scope of authority.

## 4.4  AGENT AND PRINCIPAL—DEFINITION (Adapted)

An agent is a person who performs services for another person or entity under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person or entity is called a principal.

## 4.5  AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

1

## 4.6   ACT OF AGENT IS ACT OF PRINCIPAL—

## SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

1

2

## 4.8   PRINCIPAL SUED BUT NOT AGENT—

## NO ISSUE AS TO AGENCY OR AUTHORITY

3

4      Riverside County Sheriff's Department Command Staff were the

5   agents of defendant County of Riverside, and, therefore, any act or

6   omission of these agents was the act or omission of the County.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Apparent authority

3 Fed. Jury Prac. & Instr. § 108.03 (5ᵗʰ ed.)

One of the issues you must decide is whether the County is bound by the actions of the RCSD, by and through its supervisors and commanders, who, it is claimed, were acting as the County's agents. In deciding this issue, you may consider whether the County placed in such situations that a person of ordinary prudence familiar with business usage and the nature of the particular business would be justified in assuming that these persons had authority to perform a particular act and deals with the apparent agent upon that assumption. From these circumstances, if you find that the Plaintiffs were justified in assuming that the RCSD, by and through its supervisors and commanders had the authority to act as they did, then you may find that the County is bound by the acts of the RCSD, by and through its supervisors and commanders as the County's agents.

CASE NO. CV05-06166 AG CTx

1    ## Failure to call available witness

2    3 Fed. Jury Prac. & Instr. § 104.25 (5th ed.)

3

4    If a party fails to call a person as a witness who has knowledge

5    about the facts in issue, and who is reasonably available to the

6    party, and who is not equally available to the other party, then

7    you may infer that the testimony of that person is unfavorable to

8    the party who could have called the witness and did not.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Special Jury Instruction No. 25

2

### NATURE OF THE PLAINTIFFS' CLAIMS

3   This case arises under federal law, specifically the Fair

4   Labor Standards Act ("FLSA"), which provides for the payment

5   compensation for all time spent engaged in activities

6   controlled or required by an employer.

7

8   Plaintiffs claim that the Riverside County Sheriff's

9   Department ("RCSD") required them to perform certain work

10  activities necessary to their jobs without compensation.

11  Defendant County of Riverside denies plaintiffs' claims.

12

13  Plaintiffs Glenn Johnson and Rey Bodnar additionally claim

14  that RCSD retaliated against them for being plaintiffs or

15  otherwise participating in this case.   Defendant denies

16  retaliating against Johnson and Bodnar.

17

18

19

20

21

22

23

24

25

26

27

28

1        **Special Jury Instruction No. 26**

2        <u>**GENERALLY, FLSA CLAIM, ELEMENTS**</u>

3    To prove their FLSA claim, plaintiffs must prove by a

4    preponderance of the evidence that:

5

6        (1): RCSD required plaintiffs to engage in uncompensated

7             work activities; and

8        (2): that RCSD knew or should have known that plaintiffs

9             were engaged in required uncompensated work

10            activities.

1  **Special Jury Instruction No. 27**

2  <u>**BURDEN OF PROOF**</u>

3  Plaintiffs have the burden of proving each and every element

4  of their claims by a preponderance of the evidence.  If you

5  find that plaintiffs have proved all of the elements of

6  their claims, then you must find for plaintiffs.   If

7  plaintiffs have not proved all the elements of their claims,

8  then you must find for defendant.

9

10  Defendant has the burden of proving by a preponderance of

11  evidence each and every element of any one of its

12  affirmative defenses.  If you find that defendant has proved

13  all the elements of an affirmative defense, then you must

14  find for defendant.  If defendant has not proved all the

15  elements of an affirmative defense and you find that

16  plaintiffs have proved all the elements of their claims,

17  then you must find for plaintiff.

18

19

20

21

22

23

24

25

26

27

28

4                     CASE NO. CV05-06166 AG CTx

1          **Special Jury Instruction No. 29**

2                    <u>**WORK DEFINED**</u>

3   Work is time spent in physical or mental effort (whether

4   burdensome or not) controlled or required by the employer

5   and pursued necessarily and primarily for the benefit of the

6   employer or the employer's business.

1

**Special Jury Instruction No. 30**

2

<u>DON</u>

3  To don clothing or equipment means to put on that clothing
4  or equipment.

CASE NO. CV05-06166 AG CTx

1    **Special Jury Instruction No. 31**

2    <u>**DOFF**</u>

3    To doff clothing or equipment for these purposes means to

4    take it off.

Special Jury Instruction No. 32

## KNOWLEDGE - ACTUAL AND CONSTRUCTIVE

An employer may have knowledge of a fact if it had actual or constructive knowledge of that fact.

"Actual knowledge" means actually knowing or having direct and clear knowledge of a fact or circumstance.

"Constructive knowledge" means knowledge that one using reasonable care or diligence should have and is attributed by law to a given person.

CASE NO. CV05-06166 AG CTx

1

**Special Jury Instruction No. 33**

2

**KNOWLEDGE - IMPUTED**

3   If a supervisor knew or should have known that plaintiffs

4   were engaged in uncompensated work activities, then the

5   employer is deemed to know.  A supervisor's knowledge is

6   deemed the same as the employer's.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Special Jury Instruction No. 35

2

### PAYROLL/TIME RECORD KEEPING

3

Under the FLSA, an employer is responsible for making,

4

keeping and preserving accurate records of all time worked

5

by employees.

# SPECIAL JURY INSTRUCTION NO. 6 --

## Compensable Activity – Employee's Duty to Accurately Report Time Worked on Employer's Payroll Forms

In determining actual or constructive knowledge, you must take into account that the Employer is entitled to rely on reports of employees under the established payroll procedure.  An employer is not liable for time that an employee does not accurately report through his employer's payroll procedure if there is no employer pressure to underreport time.

**Special Jury Instruction No. 36**

<u>PROOF OF UNCOMPENSATED TIME</u>

If the employer's records are inaccurate or inadequate to document all time worked by employees, then an employee need not prove the precise amount of uncompensated time worked. Instead, plaintiffs may establish the amount and extent of work for which they were not compensated by "just and reasonable" inference from all of the evidence.  A "just and reasonable" inference is a conclusion reached by considering all the facts in evidence and arriving at a logical consequence from them.

## SPECIAL JURY INSTRUCTION NO. 23 --

### Equitable Estoppel

To establish equitable estoppel, Defendant must show that (1) Plaintiffs knew that Defendant required them to report all time worked; (2) Plaintiffs intended that their underreporting of time work be relied upon by Defendant; (3) Defendant did not know that Plaintiffs were not reporting all time worked; and (4) Defendant relied upon Plaintiffs' conduct to its injury.

258710.2 RI080-032

Defendant County Of Riverside's Additional
Proposed Special Jury Instructions

Special Jury Instruction No. 37

### REPRESENTATIVE EVIDENCE

FLSA violations may be proved by representative evidence. Representative evidence means that there need not be direct evidence that every employee worked uncompensated time in order to establish a pattern of behavior among a larger group of employees at issue.  Representative evidence includes both oral testimony and documents submitted as evidence.   You may find a violation of the FLSA as to non-testifying plaintiffs based upon the representative evidence of other similarly situated employees, if that evidence or other evidence persuades you, under the preponderance of the evidence standard, that the non-testifying plaintiffs also worked uncompensated time.

# SPECIAL JURY INSTRUCTION NO. 7 --
## Pre- and Post-Shift Activities

A special rule applies to conduct done before and after a shift that is "preliminary" or "postliminary" such as preparing to work. Even if it constitutes work and even if the employer is aware of it, it is not compensable unless it is "integral and indispensable" to a principal activity of the employer.

Here, to establish that Plaintiffs' alleged activities performed before and after their shifts are compensable overtime work, Plaintiffs must show that their activities were integral and indispensable to a principal activity of Defendant. An "integral and indispensable" activity must be necessary to the principal work performed and done for the benefit of the employer.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SPECIAL JURY INSTRUCTION NO. 9 --

### Compensable Activity – Donning and Doffing Off Work Premises

Donning and doffing should be considered integral and indispensable to a principal activity only if it is required to be done on the premises "by rules of the employer or by the nature of the work."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SPECIAL JURY INSTRUCTION NO. 12 --

### Compensable Activity – Walking, Riding, and Travel Time

Time spent by employees walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform is not compensable.

244636.7

1
2
3

### Special Jury Instruction No. 41

4

### REQUIREMENT - EXPRESS AND/OR IMPLIED

5
6    A requirement may by express or implied.  An express

7    requirement is a formal requirement explicitly recognized in

8    the employer's written rules, manuals and/or policies.

9
10
11   An implied requirement, also known as a "de facto

12   requirement," is a requirement that exists in effect, but

13   has not been formally recognized or stated as a written

14   policy.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Special Jury Instruction No. 44**

**<u>WILLFUL</u>**

RCSD acted willfully if it intentionally or recklessly disregarded the fact that plaintiffs were working without compensation in violation of the FLSA and failed to take affirmative action to correct the situation.  Willfulness is more than mere negligence.

**Special Jury Instruction No. 45**

## RECKLESS DISREGARD

The RCSD acted with reckless disregard in causing plaintiffs to work without compensation in violation of the FLSA if: (1) it knew that uncompensated work would probably result from RCSD's shift readiness and report writing requirements and expectations; or (2) RCSD gave little or no thought to the probable effects that its shift readiness and report writing requirements and expectations would cause plaintiffs to work uncompensated time.  Reckless disregard is more than mere negligence.

## SPECIAL JURY INSTRUCTION NO. 19 --

## Unlawful Retaliation – Prima Facie Elements (29 U.S.C. § 215(a)(3))

Plaintiffs Glenn Johnson and Reynalda Bodnar have asserted claims that the County of Riverside unlawfully retaliated against them.  To establish a retaliation claim, the Plaintiff must show by a preponderance of the evidence that:

(1)    the Plaintiff engaged in statutorily protected conduct under the FLSA;

(2)    the employer took adverse employment action as to the Plaintiff;

(3)    the Plaintiff's protected conduct motivated the employer to take the adverse action; and

(4)    the employer would not have taken the adverse action but for the protected conduct.

244636.7

**Special Jury Instruction No. 48**

**PROTECTED CONDUCT**

"Protected conduct" means:

(a) filing a lawsuit or initiating other proceedings for violation of the FLSA; or

(b) testifying, assisting, or participating in a lawsuit, investigation, proceeding, or hearing for violation of the FLSA.

1

**Special Jury Instruction No. 49**

2

## ADVERSE EMPLOYMENT ACTION - RETALIATION CASES

3

An action is an "adverse employment action" if it is

4

reasonably likely to deter a reasonable employee from

5

6

engaging in protected conduct.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Special Jury Instruction No. 51

**PRETEXT**

Pretext means that the reasons given by defendant for any
adverse action claimed by plaintiffs are unworthy of
credence.

## Special Jury Instruction No. 52

### ORDINARY RATE OF TIME WORKED IN EACH ACTIVITY

You will be asked to determine the amount of time plaintiffs engaged in: (1) donning and doffing uniform and equipment; and (2) conducting vehicle inspections.  In determining the length of time required for both of these activities, you should decide the ordinary rate necessarily spent on each activity based on representative testimony.  Representative testimony is defined elsewhere among these instructions. You must calculate working time as the minimum time necessary to perform the activity at an ordinary rate, and not the longest, majority, or even average period of time.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SPECIAL JURY INSTRUCTION NO. 22 --
### Verdict Not to Consider Damages

Plaintiffs and defendant are asserting various legal theories that could either increase or decrease the damages awarded to plaintiffs in this action.  You should render your decision without consideration of whether the damages may be increased or decreased based on these various legal theories.

### 3.1   DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

22

## 3.2   COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court clerk, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.   If you send out a question, I will consult with the parties before answering it, which may take some time.   You may continue your deliberations while waiting for the answer to any question.   Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.   Do not disclose any vote count in any note to the court.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1

## 3.3   RETURN OF VERDICT

2

3        A verdict form has been prepared for you.   After you have

4   reached unanimous agreement on a verdict, your presiding juror

5   will fill in the form that has been given to you, sign and date

6   it, and advise the court that you are ready to return to the

7   courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048   27

28

24                 CASE NO.  CV05-06166 AG CTx