

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 26 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD FARRIS, et al., )<br>)<br>          Plaintiffs, )<br>)<br>   v. )<br>)<br>COUNTY OF RIVERSIDE, )<br>)<br>          Defendant. )<br>_____)<br>) | CASE NO. CV05-06166 AG(CTx)<br>Hon. Andrew J. Guilford<br><br>[Proposed] FINAL JUDGMENT<br>[Fed. R. Civ. Proc. 58]<br><br>Phase One Trial:<br>   May 6-21, 2008<br>Verdict: May 22, 2008<br><br>Phase Two Trial:<br>   November 3-4, 2009<br>Statement of Decision:<br>   September 22, 2010 |

Throughout these proceedings plaintiffs were represented by Jon Vanderpool, Angela Jae, and Georgiana D'Alessandro of Tosdal, Smith, Steiner & Wax. Defendant County of Riverside was represented by Brian Walter and Laura Kalty of Liebert, Cassidy, Whitmore.

By stipulation of the parties and order of the Court, trial in this action was bifurcated and proceeded in two phases. In phase one, plaintiffs' claims for willful violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§207, 255) and plaintiffs Glenn

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  Johnson and Reynalda Bodnar's retaliation claims (29 U.S.C.
2  §215(a)), were tried to a jury. In phase two, defendant's
3  affirmative defenses: partial exemption (29 U.S.C. §207(k)),
4  offsets/credits (29 U.S.C §207(h)(2)), de minimis, and statute of
5  limitations, and other issues impacting calculation of damages were
6  partially adjudicated by summary judgment and otherwise tried to
7  the Court without a jury.

8  PHASE ONE: THE JURY'S VERDICT FOR PLAINTIFFS ON PRE-SHIFT
9  DONNING/DOFFING UNIFORMS, EQUIPMENT, VEHICLE READINESS, WILLFULNESS
10 CLAIMS; VERDICT FOR DEFENDANT ON REPORT WRITING, RETALIATION CLAIMS

11 Phase one trial by jury commenced on May 6, 2008, the
12 Honorable Andrew J. Guilford presiding. A jury of eight persons
13 was impaneled and sworn, witnesses testified, and evidence
14 admitted. After being instructed by the Court, the jury
15 deliberated and returned a unanimous special verdict on May 22,
16 2008, as follows:

17 DONNING & DOFFING

18 1.  Is donning/doffing a uniform integral and indispensable to
19     plaintiffs' principal law enforcement activities?
20     Yes ___X___  No _____

21 2.  Is donning/doffing equipment integral and indispensable to
22     plaintiffs' principal law enforcement activities?
23     Yes ___X___  No _____

24 ///
25 ///
26 ///
27 ///
28 ///

2        CASE NO. CV05-06166 AG(CTx)

3.  If you answered "yes" to questions 1 and/or 2, what is the ordinary rate of time necessarily spent for the following job classifications of plaintiffs to don/doff their uniforms and equipment?

|                           | Uniform    | Equipment   |
|---------------------------|------------|-------------|
| Patrol:                   | 9 minutes  | 11 minutes  |
| Sworn Corrections:        | 9 minutes  | 6 minutes   |
| Non-sworn Corrections:    | 9 minutes  | 2 minutes   |
| Court Services:           | 9 minutes  | 11 minutes  |
| Corrections Transportation: | 9 minutes | 11 minutes |

VEHICLE READINESS

4.  Prior to October 31, 2005, did the Riverside County Sheriff's Department (RCSD) require patrol deputies to perform the work of preparing patrol cars before shift?

    Yes __X__    No _____

5.  Did the RCSD know or should it have known that plaintiffs were performing the work of preparing patrol cars before shift?

    Yes __X__    No _____

6.  If you answered "yes" to questions 4 and 5, what is the ordinary rate of time necessarily spent by a patrol deputy to prepare a patrol car?

    __13__ minutes

REPORT WRITING

7.  Prior to October 31, 2005, did the RCSD require trainee patrol deputy plaintiffs to write incident reports without compensation?

    Yes _____    No __X__

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

CASE NO. CV05-06166 AG (CTx)

8.  Prior to October 31, 2005, did the RCSD require non-trainee patrol deputy plaintiffs to write incident reports without compensation?

    Yes _____    No ___X____

9.  Did the RCSD know or should it have known that trainee patrol deputy plaintiffs were writing incident reports without compensation?

    Yes ___X____    No _____

10. Did the RCSD know or should it have known that non-trainee patrol deputy plaintiffs were writing incident reports without compensation?

    Yes ___X____    No _____

WILLFULNESS

11. Did the RCSD willfully violate the FLSA as to the following activities:

    Donning/Doffing - Uniform:       Yes ___X____       No _____
    Donning/Doffing - Equipment:     Yes ___X____       No _____
    Vehicle readiness:               Yes ___X____       No _____
    Report Writing - Trainees:       Yes _____      No ___X____
    Report Writing - Non-trainees:   Yes _____      No ___X____

RETALIATION - GLENN JOHNSON

12. Did the RCSD take adverse employment action against GLENN JOHNSON?

    Yes _____    No ___X____

13. If you answered "yes" to question 12, was the adverse action motivated by Johnson's protected activity?

    Yes _____    No _____    Not Applicable ___X____

////

TOSDAL, SMITH, STEINER
& WAX
401 West A Street Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

14. If you answered "yes" to question 13, would the RCSD have taken the same employment action regardless of Johnson's protected activity?

Yes _____   No _____   Not Applicable ___X___

RETALIATION - REYNALDA BODNAR

15. Did the RCSD take adverse employment action against REYNALDA BODNAR?

Yes _____   No _X__

16. If you answered "yes" to question 15, was the adverse action motivated by Bodnar's protected activity?

Yes _____   No _____   Not Applicable ___X___

17. If you answered "yes" to question 16, would the RCSD have taken the same employment action regardless of Bodnar's protected activity?

Yes _____   No _____   Not Applicable ___X___

Dated: May 22, 2008              D. Cheng
                                 Presiding Juror

**PHASE TWO:   SUMMARY JUDGMENT GRANTED IN PART ON DEFENDANT'S EXEMPTION, OFFSETS, DE MINIMIS AFFIRMATIVE DEFENSES; PLAINTIFFS SHALL RECOVER COMPENSATORY AND LIQUIDATED DAMAGES**

Phase two trial was by the Court without a jury on defendant's affirmative defenses and plaintiffs' compensatory and liquidated damages.  Defendant's four separate motions for summary judgment ("MSJ," F.R.C.P. 56) came on for hearing on October 20, 2009, the Honorable Andrew J. Guilford presiding.  The Court: (1) granted defendant's partial exemption defense (29 U.S.C. §207(k)); (2) granted in part and denied in part defendant's offsets/credits defense (29 U.S.C §207(h)(2)); (3) granted defendant's de minimis defenses as to certain time and claimants; and (4) denied

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone (619) 239-7200
Facsimile (619) 239-6048

Case 2:05-cv-06166-AG-CT   Document 413   Filed 04/26/11   Page 6 of 20   Page ID #:9379
Case 2:05-cv-06166-AG -CT   Document 410-1   Filed 04/11/11   Page 6 of 17   Page ID
#:9356

1  defendant's MSJ as to offsets regarding briefing start times.

2      Phase two trial commenced on November 3, 2009, the Honorable

3  Andrew J. Guilford presiding.  Witnesses testified, evidence was

4  admitted,  and  the  parties  rested.  Supplemental  briefs  were

5  submitted by both parties.  On September 22, 2010, the Court issued

6  rulings on six issues for phase two as follows: (1.) Claims period

7  - 3 years from the date each plaintiff joined the case; (2.)

8  Briefing start time - is not an offset; (3.) Compensatory time

9  worked - is an offset; (4.)   Holiday pay - is an offset;

10  (5.) Court time issue - only time spent actually testifying counts

11  towards hours worked; (6.) Extra duty time - counts in calculating

12  the  amount  of  hours  deputies  worked  for  purposes  of  overtime

13  compensation.

14      The  Court  received  into  evidence  the  parties'  respective

15  summaries of each plaintiff's damages (Fed. R. Evid. 1006), and the

16  evidence to be received in phase two was closed.

17  **FINAL  JUDGMENT:**    **BASED  UPON  PHASE  ONE  AND  PHASE  TWO  TRIAL**

18  **PROCEEDINGS, IT IS ORDERED AND ADJUDGED, as follows:**

19      On claims for willful violation of the FLSA (29 U.S.C. §§207,

20  255) judgment is entered in favor of the following plaintiffs and

21  against Defendant the County of Riverside.   Plaintiffs shall

22  recover actual damages and liquidated damages against Defendant

23  County of Riverside in the amounts listed below:

24  1.   Lawrence Alves one thousand three hundred thirteen dollars and

25        twenty-four cents ($1,313.24) as actual damages and an equal

26        amount  of  one  thousand  three  hundred  thirteen  dollars  and

27        twenty-four cents ($1,313.24) as liquidated damages;

28  ///

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

2.   John Ammar fifty-two dollars and twenty-two cents ($52.22) as actual damages and an equal amount of fifty-two dollars and twenty-two cents ($52.22) as liquidated damages;

3.   Christopher Angelo nine hundred three dollars and eight cents ($903.08) as actual damages and an equal amount of nine hundred three dollars and eight cents ($903.08) as liquidated damages;

4.   Maxie Barker six hundred twenty-nine dollars and sixty-one cent ($629.61) as actual damages and an equal amount of six hundred twenty-nine dollars and sixty-one cent ($629.61) as liquidated damages;

5.   Michael Barros four hundred fourteen dollars and thirty-seven cents ($414.37) as actual damages and an equal amount of four hundred fourteen dollars and thirty-seven cents ($414.37) as liquidated damages;

6.   Martineau Belgarde one thousand five hundred sixty dollars and thirty-three cents ($1,560.33) as actual damages and an equal amount of one thousand five hundred sixty dollars and thirty-three cents ($1,560.33) as liquidated damages;

7.   Reynalda Bodnar three hundred ninety-four dollars and seventy-six cents ($394.76) as actual damages and an equal amount of three hundred ninety-four dollars and seventy-six cents ($394.76) as liquidated damages;

8.   Daniel Bowden one thousand five hundred sixty-four dollars and sixty-nine cents ($1,564.69) as actual damages and an equal amount of one thousand five hundred sixty-four dollars and sixty-nine cents ($1,564.69) as liquidated damages;

///

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

7                    CASE NO. CV05-06166 AG (CTx)

9. Shawn Broussard nine hundred fifty-four dollars and twenty-one cents ($954.21) as actual damages and an equal amount of nine hundred fifty-four dollars and twenty-one cents ($954.21) as liquidated damages;

10. Donald Calkins one thousand sixty-two dollars and thirty-three cents ($1,062.33) as actual damages and an equal amount of one thousand sixty-two dollars and thirty-three cents ($1,062.33) as liquidated damages;

11. Jose Carcamo ninety-three dollars and ninety-nine cents ($93.99) as actual damages and an equal amount of ninety-three dollars and ninety-nine cents ($93.99) as liquidated damages;

12. Shan Darling nine hundred seventy-five dollars and forty-nine cents ($975.49) as actual damages and an equal amount of nine hundred seventy-five dollars and forty-nine cents ($975.49) as liquidated damages;

13. Julianne Dawkins as Guardian Ad Litem for Ty Dawkins and Abigail Dawkins, substituted as plaintiffs for Brett Dawkins (now deceased) _____ ($_____) as actual damages and an equal amount of _____ ($_____) as liquidated damages;

14. Bradley Decker one thousand eight hundred sixty-one dollars and seventy cents ($1,861.70) as actual damages and an equal amount of one thousand eight hundred sixty-one dollars and seventy cents ($1,861.70) as liquidated damages;

15. Spencer Dierks one thousand five hundred ninety-one dollars and twenty cents ($1,591.20) as actual damages and an equal amount of one thousand five hundred ninety-one dollars and twenty cents ($1,591.20) as liquidated damages;

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

CASE NO. CV05-06166 AG(CTx)

16.  Byron Farley one thousand twenty-three dollars and seventy-five cents ($1,023.75) actual damages and an equal amount of one thousand twenty-three dollars and seventy-five cents ($1,023.75) as liquidated damages;

17.  Ronald Farris thirty-seven dollars and twelve cents ($37.12) as actual damages and an equal amount of thirty-seven dollars and twelve cents ($37.12) as liquidated damages;

18.  Sean Freeman one thousand four hundred ten dollars and seventy-three cents ($1,410.73) as actual damages and an equal amount of one thousand four hundred ten dollars and seventy-three cents ($1,410.73) as liquidated damages;

19.  Cinnamon Gawne (Bell) six hundred sixty-seven dollars and seventy-three cents ($667.73) as actual damages and an equal amount of six hundred sixty-seven dollars and seventy-three cents ($667.73) as liquidated damages;

20.  Teresa Gill one hundred seventy-four dollars and fifty cents ($174.50) as actual damages and an equal amount of one hundred seventy-four dollars and fifty cents ($174.50) as liquidated damages;

21.  David Granito six hundred seventy-seven dollars and forty-six cents ($677.46) as actual damages and an equal amount of six hundred seventy-seven dollars and forty-six cents ($677.46) as liquidated damages;

22.  David Green one thousand nine hundred fifty-five dollars and fourteen cents ($1,955.14) as actual damages and an equal amount of one thousand nine hundred fifty-five dollars and fourteen cents ($1,955.14) as liquidated damages;

///

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

23. Eric Hamilton two hundred ninety-five dollars and eighty-five cents ($295.85) as actual damages and an equal amount of two hundred ninety-five dollars and eighty-five cents ($295.85) as liquidated damages;

24. Mark Hanson five hundred forty dollars and fifty-six cents ($540.56) as actual damages and an equal amount of five hundred forty dollars and fifty-six cents ($540.56) as liquidated damages;

25. Denise Hignight one thousand eight hundred seventy-six dollars and seventy-eight cents ($1,876.78) as actual damages and an equal amount of one thousand eight hundred seventy-six dollars and seventy-eight cents ($1,876.78) as liquidated damages;

26. Kelley Hyland one thousand three hundred and twenty-nine dollars and twenty-two cents ($1,329.22) as actual damages and an equal amount of one thousand three hundred and twenty-nine dollars and twenty-two cents ($1,329.22) as liquidated damages;

27. Victoria Iredale eight hundred thirty-two dollars and sixty-nine cents ($832.69) as actual damages and an equal amount of eight hundred thirty-two dollars and sixty-nine cents ($832.69) as liquidated damages;

28. Glenn Johnson one thousand two hundred sixty-seven dollars and eighty-two cents ($1,267.82) as actual damages and an equal amount of one thousand two hundred sixty-seven dollars and eighty-two cents ($1,267.82) as liquidated damages;

///
///
///

29. Robert Joslen eight hundred nineteen dollars and seventy-eight cents ($819.78) as actual damages and an equal amount of eight hundred nineteen dollars and seventy-eight cents ($819.78) as liquidated damages;

30. Dayle Long three hundred fifty-three dollars and seventy cents ($353.70) as actual damages and an equal amount of three hundred fifty-three dollars and seventy cents ($353.70) as liquidated damages;

31. Christian Lopez one thousand thirty-seven dollars and thirty-five cents ($1,037.35) as actual damages and an equal amount of one thousand thirty-seven dollars and thirty-five cents ($1,037.35) as liquidated damages;

32. Raul Lopez one thousand fifty-eight dollars and zero cents ($1,058.00) as actual damages and an equal amount of one thousand fifty-eight dollars and zero cents ($1,058.00) as liquidated damages;

33. Carol Lorenz seven hundred seventy-four dollars and forty-four cents ($774.44) as actual damages and an equal amount of seven hundred seventy-four dollars and forty-four cents ($774.44) as liquidated damages;

34. Roman Lugo three hundred eighty-five dollars and eighty-one cents ($385.81) as actual damages and an equal amount of three hundred eighty-five dollars and eighty-one cents ($385.81) as liquidated damages;

35. Robert Luna one thousand nine hundred and ninety-eight dollars and twelve cents ($1,998.12) actual damages and an equal amount of one thousand nine hundred and ninety-eight dollars and twelve cents ($1,998.12);

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

11

1    36.   Leo Marin four hundred sixty-eight dollars and ninety-one
2          cents ($468.91) as actual damages and an equal amount of four
3          hundred sixty-eight dollars and ninety-one cents ($468.91) as
4          liquidated damages;

5    37.   Robert Mezzie two thousand four hundred  dollars and eighty-
6          eight cents ($2,400.88) as actual damages and an equal amount
7          of two thousand four hundred  dollars and eighty-eight cents
8          ($2,400.88) as liquidated damages;

9    38.   Manuel Montero fifty dollars and eighty-eight cents ($50.88)
10         as actual damages and an equal amount of fifty dollars and
11         eighty-eight cents ($50.88) as liquidated damages;

12   39.   Stephen Morton three hundred eighty-seven dollars and twenty-
13         eight cents ($387.28) as actual damages and an equal amount of
14         three hundred eighty-seven dollars and twenty-eight cents
15         ($387.28) as liquidated damages;

16   40.   Lionel Murphy one thousand three hundred eighteen dollars and
17         twenty-two cents ($1,318.22) as actual damages and an equal
18         amount of one thousand three hundred eighteen dollars and
19         twenty-two cents ($1,318.22) as liquidated damages;

20   41.   James Nunley one thousand four hundred twenty-eight dollars
21         and sixty-eight cents ($1,428.68) as actual damages and an
22         equal amount of one thousand four hundred twenty-eight dollars
23         and sixty-eight cents ($1,428.68) as liquidated damages;

24   42.   Sheldon Offenbach two thousand one hundred seven dollars and
25         seventeen cents ($2,107.17) as actual damages and an equal
26         amount of two thousand one hundred seven dollars and seventeen
27         cents ($2,107.17) as liquidated damages;

28   ///

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

43. Randy Paulsen one thousand six hundred forty-five dollars and thirty cents ($1,645.30) as actual damages and an equal amount of one thousand six hundred forty-five dollars and thirty cents ($1,645.30) as liquidated damages;

44. Ruben Perez three thousand five hundred ninety-three dollars and forty cents ($3,593.40) as actual damages and an equal amount of three thousand five hundred ninety-three dollars and forty cents ($3,593.40) as liquidated damages;

45. Robert Pfeifer four hundred sixty-nine dollars and sixty-five cents ($469.65) as actual damages and an equal amount of four hundred sixty-nine dollars and sixty-five cents ($469.65) as liquidated damages;

46. Amando Portales nine hundred eighty-seven dollars and fifty-one cents ($987.51) as actual damages and an equal amount of nine hundred eighty-seven dollars and fifty-one cents ($987.51) as liquidated damages;

47. Randy Postoian seven hundred eight dollars and eighty-eight cents ($708.88) as actual damages and an equal amount of seven hundred eight dollars and eighty-eight cents ($708.88) as liquidated damages;

48. Craig Ramsey one thousand six hundred sixteen dollars and ninety-two cents ($1,616.92) as actual damages and an equal amount of one thousand six hundred sixteen dollars and ninety-two cents ($1,616.92) as liquidated damages;

49. Luis Scull six hundred eighty-six dollars and ninety-nine cents ($686.99) as actual damages and an equal amount of six hundred eighty-six dollars and ninety-nine cents ($686.99) as liquidated damages;

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

Case 2:05-cv-06166-AG-CT   Document 413   Filed 04/26/11   Page 14 of 20   Page ID #:9387
Case 2:05-cv-06166-AG  -CT   Document 410-1   Filed 04/11/11   Page 14 of 17   Page ID
#:9364

50. Robert Simmons two hundred ten dollars and twenty-nine cents ($210.29) as actual damages and an equal amount of two hundred ten dollars and twenty-nine cents ($210.29) as liquidated damages;

51. Peter Sylves one thousand two hundred and fifty-six dollars and thirteen cents ($1,256.13) as actual damages and an equal amount of one thousand two hundred and fifty-six dollars and thirteen cents ($1,256.13) as liquidated damages;

52. David Tamez one thousand one hundred ninety-seven dollars and sixty-two cents ($1,197.62) as actual damages and an equal amount of one thousand one hundred ninety-seven dollars and sixty-two cents ($1,197.62) as liquidated damages;

53. Terence Teebken eight dollars and sixteen cents ($8.16) as actual damages and an equal amount of eight dollars and sixteen cents ($8.16) as liquidated damages;

54. Doreen Truscott one thousand three hundred seventy-four dollars and thirty-three cents ($1,374.33) as actual damages and an equal amount of one thousand three hundred seventy-four dollars and thirty-three cents ($1,374.33) as liquidated damages;

55. Vance Velardez two hundred eighty-three dollars and seventy-two cents ($283.72) as actual damages and an equal amount of two hundred eighty-three dollars and seventy-two cents ($283.72) as liquidated damages;

56. Francisco Velasco six hundred ninety-five dollars and twenty cents ($695.20) as actual damages and an equal amount of six hundred ninety-five dollars and twenty cents ($695.20) as liquidated damages;

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

Case 2:05-cv-06166-AG-CT Document 410-1 Filed 04/11/11 Page 15 of 17 Page ID #:9365

57. Glenn Warrington five thousand ten dollars and ninety-three cents ($5,010.93) as actual damages and an equal amount of five thousand ten dollars and ninety-three cents ($5,010.93) as liquidated damages;

58. William Wieber one hundred seven dollars and eighty-seven cents ($107.87) as actual damages and an equal amount of one hundred seven dollars and eighty-seven cents ($107.87) as liquidated damages;

59. Ole Williams two thousand eight hundred ninety dollars and thirty-nine cents ($2,890.39) as actual damages and an equal amount of two thousand eight hundred ninety dollars and thirty-nine cents ($2,890.39) as liquidated damages;

60. David Witherby seven hundred eighty-eight dollars and fifty-one cents ($788.51) as actual damages and an equal amount of seven hundred eighty-eight dollars and fifty-one cents ($788.51) as liquidated damages.

The actual damages above total sixty-three thousand five hundred eighty-one dollars and sixty-three cents ($63,581.63), subject to incorporation of damages for plaintiff Brett Dawkins (now deceased).

The liquidated damages above total sixty-three thousand five hundred eighty-one dollars and sixty-three cents ($63,581.63), subject to incorporation of damages for plaintiff Brett Dawkins (now deceased).

The total damages above to be awarded among plaintiffs total one hundred twenty-seven thousand one hundred sixty-three dollars and twenty-six cents ($127,163.26), subject to incorporation of damages for plaintiff Brett Dawkins (now deceased).

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1      On claims for violation of the FLSA (29 U.S.C. §207) judgment

2 is entered in favor of Defendant County of Riverside for the

3 following plaintiffs who shall recover nothing:

4  61.  Harold Carpenter;

5  62.  Michael Casavan;

6  63.  Orlando Castaneda;

7  64.  Douglas Cloyd;

8  65.  Martin Croft;

9  66.  Kevin Scott Divine;

10  67.  Andy Gerrard;

11  68.  David Harrison;

12  69.  Robert Harrison;

13  70.  Douglas Hoyt;

14  71.  James Lamon;

15  72.  Andrew Mata;

16  73.  Bernadine Matheny;

17  74.  Robert McMurrich;

18  75.  Stephanie Monarrez;

19  76.  Arman Morales;

20  77.  Stephanie Nye;

21  78.  Richard Pearson;

22  79.  Sally Pearson;

23  80.  Michael Redman;

24  81.  Robert Ridley;

25  82.  Thomas Segobia;

26  83.  Michael Smith;

27  84.  Robert Solomon-Billings;

28  85.  Benjamin Thompson;

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

16      CASE NO. CV05-06166 AG(CTx)

1   86.  Ronald Thompson;

2   87.  Rory Vaughn;

3   88.  Michael Voye;

4   89.  William Walker.

5       On plaintiffs Glenn Johnson, Reynalda Bodnar, David Granito,

6  and Robert Simmons' retaliation claims (29 U.S.C. §215(a)),

7  judgment is entered in favor of Defendant County of Riverside.

8     ~~Plaintiffs shall recover~~ ^A attorneys fees, costs, and interest

9  ~~as~~ allowed by law (29 U.S.C. §216) in amount~~s~~ *are* subject to further

10  law and motion proceedings.

11       Post-judgment interest shall accrue on this judgment from the

12  date of entry, as set forth in the Memorandum Re: Interest

13  Accompanying [Proposed] Final Judgment, attached hereto as Exhibit

14  A.

15

16  IT IS SO ORDERED.

17

18

19  DATED: APRIL 26, 2011

20                    Honorable Andrew J. Guilford
                          United States District Court Judge

21

22

23

24

25

26  TOSDAL, SMITH, STEINER & WAX
   401 West A Street, Suite 320
27  San Diego, CA 92101-7911
   Telephone: (619) 239-7200
   Facsimile: (619) 239-6048
28

Case 2:05-cv-06166-AG-CT   Document 413   Filed 04/26/11   Page 18 of 20   Page ID #:9391
Case 2:05-cv-06166-AG-CT   Document 410-2   Filed 04/11/11   Page 1 of 3   Page ID
#:9368

# EXHIBIT A

JON Y. VANDERPOOL, ESQ., (CSB NO. 161611)
ANGELA M. JAE, ESQ. (CSB NO. 248571)
GEORGIANA D'ALESSANDRO, ESQ. (CSB NO. 259397)
TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone:  (619) 239-7200
Fax:  (619) 239-6048
E-mail: jvanderpool@tosdalsmith.com
E-mail: ajae@tosdalsmith.com
E-mail: gdalessandro@tosdalsmith.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD FARRIS, et al., | CASE NO. CV05-06166 AG(CTx) |
| Plaintiffs, | **MEMORANDUM RE: INTEREST ACCOMPANYING [Proposed] FINAL JUDGMENT [L.R. 58-7]** |
| v. | Phase One Trial: |
| COUNTY OF RIVERSIDE, | May 6-21, 2008  Verdict: May 22, 2008 |
| Defendant. | Phase Two Trial: November 3-4, 2009  Statement of Decision: September 22, 2010 |

**TO THE HONORABLE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Plaintiffs hereby submit this Memorandum to accompany the [Proposed] Final Judgment filed concurrently herewith.  Local Rule 58-7 requires that if interest is accruing or will accrue on any judgment, that the party preparing the proposed judgment shall indicate by memorandum attached thereto the applicable interest rate as computed under 28 U.S.C. §1961(a), and the amount of interest to be added for each day the document remains unsigned.

///

**POST-JUDGMENT INTEREST:**

Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

For the preceding calendar week ending April 8, 2011, the applicable interest rate is 0.27%, which shall be computed daily to the date of payment and compounded annually. 28 U.S.C. § 1961(b).

DATED: April 11, 2011          TOSDAL, SMITH, STEINER & WAX

                               BY: s/ Georgiana D'Alessandro
                               Email: gdalessandro@tosdalsmith.com
                               JON Y. VANDERPOOL
                               ANGELA M. JAE
                               GEORGIANA D'ALESSANDRO
                               Attorneys for Plaintiffs

TOSDAL, SMITH, STEINER & WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048